UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-03869 JAK (JEM) | Date | June 6, 2018 |
|---|---|---|---|
| Title | Juliana Lu v. Central Bank of Republic of China Taiwan et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE ORDER TO SHOW CAUSE RE DISMISSAL AND PRE-FILING APPROVAL JS-6

**I.     Introduction**

On May 9, 2018, Juliana Lu ("Plaintiff"), who is self-represented, brought this action against the Central Bank of Republic of China (Taiwan) ("Central R.O.C. Bank"), Taiwan ("Republic of China"), the Hypothec Bank of Japan and Japan (collectively, "Defendants"). Complaint, Dkt. 1. The claims arise out of allegations that the Central R.O.C. Bank has refused to redeem bonds owned by Plaintiff. In light of the dismissal with prejudice of two previous actions brought by Plaintiff based on substantially similar allegations, on May 17, 2018, an Order to Show Cause re Dismissal and Pre-Filing Approval ("OSC") was issued in this action. Dkt. 11. The OSC directed that Plaintiff show cause by June 11, 2018, why this action should not be dismissed as a successive and duplicative one. On May 24, 2018, Plaintiff filed documents in response to the OSC. Dkts. 12, 13. They present restatements of certain allegations made in the Complaint and in the prior actions.

For the reasons stated in this Order, this action is **DISMISSED**, with prejudice, and Plaintiff is designated as a vexatious litigant as to the matters presented in this action, and is now subject to the pre-filing requirements set forth in this Order.

**II.    Background**

On January 12, 2012, Plaintiff filed an action in which allegations substantially similar to those made here were advanced, many of the same defendants were named, and similar relief was requested. *Juliana Lu v. Central Bank of Republic of China Taiwan, et al.*, LA CV12-00317 JAK (RZx) ("First Action"). The First Action was dismissed with prejudice after Plaintiff made several unsuccessful attempts to establish subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1604 *et seq.* First Action, Dkts. 60, 85, 109. The Ninth Circuit affirmed that decision on July 28, 2015. First Action, Dkts. 114, 118.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-03869 JAK (JEM) | Date | June 6, 2018 |
|---|---|---|---|
| Title | Juliana Lu v. Central Bank of Republic of China Taiwan et al. | | |

On June 8, 2016, Plaintiff filed a second action that was substantially similar. *Juliana Lu v. Central Bank of Republic of China Taiwan, et al.*, LA CV16-04051 JAK (AJW) ("Second Action"). The Second Action was dismissed with prejudice because it was a successive, duplicative action arising from the same transactional nucleus of facts as presented in the First Action. Second Action, Dkt. 18.

### III.     Analysis

#### A.     Res Judicata

##### 1.     Legal Standards

The doctrine of res judicata "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (alterations omitted). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). Furthermore, a party "does not avoid the bar of res judicata merely because he now alleges conduct . . . not alleged in [the party's] prior suit." *Costantini*, 681 F.2d at 1201. Several factors are considered to determine whether a later action is successive and barred:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* at 1201-02 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). The final factor is given the most weight in performing the analysis. *Id.* at 1202.

##### 2.     Application

The responses filed by Plaintiff fail to show that this action is not a successive and duplicative of the First and Second Actions. All three arise out of a common nucleus of facts. The core of these allegations is that Central R.O.C. Bank allegedly refused to honor and redeem certain bonds owned by Plaintiff. In each action it is alleged that the R.O.C. was not the official government of Taiwan until 1952. Therefore, it is alleged in each that the R.O.C. has unlawfully refused to release funds to her and thereby recognize and redeem her bonds. It is also alleged that these bonds were issued to her family and other Taiwanese citizens in 1949.

Plaintiff appears to concede that the three actions are related. Plaintiff states that the First and Second Actions were dismissed because "the District Court mistakenly interpreted the Republic of China as a country," and provided it with broad immunity under FSIA. Dkt. 12 ¶ 4. Plaintiff also notes that the First Action was dismissed because there was no evidence that the claims that were advanced related to economic activity with an effect within the United States. This is the basis for an exception to sovereign immunity under the FSIA, 28 U.S.C. §§ 1604 *et seq.* As she did in the Second Action, Plaintiff avers that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-03869 JAK (JEM) | Date | June 6, 2018 |
|---|---|---|---|
| Title | Juliana Lu v. Central Bank of Republic of China Taiwan et al. | | |

she can demonstrate that her claims are ones that have an effect on the United States economy because the 2013 shutdown of the federal government was due to the filing of the First Action. Plaintiff also contends that the brief shutdown of the federal government in 2018 was a result of the First and Second Actions. Plaintiff's response to the OSC confirms that this is a successive and duplicative action in which Plaintiff seeks leave to litigate the same claims for the third time.

The Hypothec Bank of Japan is named as a defendant in this action, but was not named in either of the prior ones. This does not change the outcome. All of the allegations in this action about the conduct of this defendant involve the "infringement of the same right" and "the same transactional nucleus of facts" that were presented in the First and Second Actions. Indeed, Plaintiff largely concedes this point. Further, there is no showing that Plaintiff could not have named this defendant in the First Action.

Finally, Plaintiff states that she filed a related action in a state court in Nevada and that a ruling issued there shows that there is jurisdiction in this District over the present action. Dkt. 12 ¶ 21. She states that the Nevada court "specifically notified [her] . . . on March 20, 2018" that there is jurisdiction over this action in Los Angeles, California "because of where Plaintiff resides." *Id.* The context for this claimed statement is not provided. Therefore, it provides no basis for a renewal of the prior proceedings or vacating the separate order that terminated each of them.

For these reasons, this action is **DISMISSED** with prejudice.

    B.    Pre-Filing Approval

        1.    <u>Legal Standards</u>

"District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)). "Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." *Id.* (citing *O'Laughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (requiring pro se inmate deemed vexatious litigant to show good cause for leave to file future actions)); *De Long*, 912 F.2d at 1146-47 (prohibiting filings by pro se litigant proceeding in forma pauperis without prior leave)). The Ninth Circuit has recognized that "such pre-filing orders should rarely be filed." *De Long*, 912 F.2d at 1147. However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* at 1148.

In assessing whether a party should be deemed a vexatious litigant, a court is to consider the following:

> When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and an opportunity to oppose the order before it [is] entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-03869 JAK (JEM) | Date | June 6, 2018 |
|---|---|---|---|
| Title | Juliana Lu v. Central Bank of Republic of China Taiwan et al. | | |

*Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (internal quotation marks omitted).

One purpose of the Local Rules of this District is "to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation." L.R. 83-8.1. Therefore, a bench officer may, *sua sponte*, conclude that a party is a vexatious litigant, provided that the party has an opportunity to be heard on the issue. Based on a review of any response and other relevant information, where warranted by the governing standards, the bench officer may direct the Court Clerk not to accept further filings from the party "without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require." L.R. 83-8.2. Any such order must be "based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." L.R. 83-8.3.

      2.      <u>Application</u>

Plaintiff has not shown why these successive actions, which have consumed substantial and unnecessary judicial resources, are not redundant and without a legal basis. Access to justice is important. However, baseless and repetitive claims are not. *See* 28 U.S.C. § 1651(a); *De Long*, 912 F.3d at 1147; *Ringgold-Lockhart*, 761 F.3d at 1062; L.R. 83-8.1. Plaintiff has abused the judicial process by bringing the same action for the third time. Therefore, it has been shown that this conduct is likely to continue absent the imposition of appropriate, restrictive measures.

For the reasons stated in this and the orders issued in the First and Second Actions, Plaintiff is declared a vexatious litigant with respect to all proceedings in this District concerning the matters alleged in the three actions. Therefore, injunctive relief is necessary and appropriate to prevent an abuse of the judicial process and an unnecessary expenditure of judicial resources. Any complaint or other pleading proffered by Plaintiff with respect to the matters at issue in any of the three proceedings shall be presented for pre-filing review by a Magistrate Judge. Unless and until that Magistrate Judge approves the filing of the pleading by determining that it has merit, the Court Clerk shall not accept the filing. That restriction applies to any proffered pleading that concerns the same nucleus of operative, alleged facts that have been presented in the following actions:

- *Juliana Lu v. Central Bank of Republic of China Taiwan, et al.*, LA CV12-00317 JAK (RZx);
- *Juliana Lu v. Central Bank of Republic of China Taiwan, et al.*, LA CV16-04051 JAK (AJW); and
- *Juliana Lu v. Central Bank of Republic of China Taiwan, et al.*, LA CV18-03869 JAK (JEM).

All documents proffered for filing by Plaintiff that are within the scope of this Order shall include the following statement in the caption, in the following font: "**THIS FILING IS SUBJECT TO A VEXATIOUS LITIGANT PRE-FILING ORDER**." Should Plaintiff violate this Order by failing to present for pre-filing review a pleading as to which that is required, the vexatious litigant order may be expanded to include any matter proffered by Plaintiff for filing in this District.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-03869 JAK (JEM) | Date | June 6, 2018 |
|---|---|---|---|
| Title | Juliana Lu v. Central Bank of Republic of China Taiwan et al. | | |

**IV.     Conclusion**

For the reasons stated in this Order, this action is **DISMISSED** with prejudice, and Plaintiff is deemed a vexatious litigant on the terms stated above.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |